IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RICHARD KLING,** | |
| Plaintiff, | Case No. 13 C 8322 |
| v. | |
| **MENARD, INC., a Wisconsin Corporation registered as a Foreign Corporation in the State of Illinois, d/b/a MENARDS,** | Judge Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Menard Inc.'s ("Menards") Motion for Summary Judgment [ECF No. 25]. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

This is a simple slip and fall case, and the following facts are undisputed except where noted. Plaintiff Richard Kling, Jr. ("Kling"), entered a Menards grocery store on January 25, 2013 in Fox Lake, Illinois. The store's parking lot was wet to some degree as a result of recent precipitation. Kling entered the store at a door by the check-out lanes, and as he attempted to pass through one such lane, he slipped and fell. As he was on the ground, Kling noticed a "saucer-sized" puddle of liquid, although he did not notice the liquid before the fall.

The central dispute in this case is the source of the liquid. Menards claims that the liquid came from the parking lot and that customers tracked the liquid into the store. Kling claims that the liquid came from a shoddy mop job by a Menards employee who was cleaning a recent spill. Kling originally sued Menards in Illinois state court for one count of negligence and one count of premises liability. Menards then removed the case to federal court and now moves for summary judgment.

## II. **LEGAL STANDARD**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party may meet its burden by showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party satisfies its initial burden, the non-moving party must demonstrate with evidence "that a triable issue of fact remains on issues for which [it] bears the burden of proof." *Knight v. Wiseman,* 590 F.3d 458, 463–64 (7th Cir. 2009).

The judge's role at summary judgment is not to make credibility determinations or weigh the evidence. *Washington v. Haupert,* 481 F.3d 543, 550 (7th Cir. 2007). In determining whether a genuine issue of material fact exists, the Court construes all evidence in the light most favorable to the non-moving party — in this case Kling. *See, Bellaver v. Quanex Corp.,* 200 F.3d 485, 491-92 (7th Cir. 2000).

### III. <u>ANALYSIS</u>

Menards argues that it is entitled to summary judgment for two reasons. First, Menards claims that the natural accumulation doctrine bars Kling's claims. Second, Menards argues that, even if the natural accumulation doctrine does not apply, it cannot be liable because it lacked notice of any dangerous condition. The Court addresses both arguments in turn.

#### A. Natural Accumulation Doctrine

"[B]usinesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Zuppardi v. Wal-Mart Stores, Inc.,* 770 F.3d 644, 649 (7th Cir. 2014). But in Illinois "it is well settled that . . . business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premises from the outside." *Reed v. Galaxy Holdings, Inc.,* 914 N.E.2d 632, 636 (Ill. App. Ct. 2009). Moreover, business owners have no duty to remove or warn of such natural accumulation of

water. *Id.* Thus, if the cause of Kling's fall was the natural accumulation of water, Kling has no claim against Menards. Conversely, if the source of the puddle is something other than the natural accumulation of water, then the natural accumulation doctrine is inapplicable.

The parties agree on the law, but dispute its application to the facts in this case. Menards insists that there is no evidence that the puddle came from anywhere other than customers tracking water into the store. In support of this, Menards points to the undisputed wet condition of the parking lot and surveillance footage showing several customers walking over the area shortly before and after Kling's fall. Menards also relies on the deposition testimony of Kling, who stated that he did not remember seeing any broken container or display that could be the source of the puddle. Thus, according to Menards, the only possibly source of the puddle was the natural accumulation of water, which absolves Menards of all liability.

But this is not the only evidence of the puddle's source, and the Court must view the evidence in the light most favorable to Kling. According to Kling's deposition testimony, the Menards employee who filled out an incident report told Kling that "[t]here was some kind of spill" that someone had previously mopped up. (Kling Dep. 79:14–16, Sept. 24, 2014, Ex. C, ECF No. 25). Kling also testified to seeing signs of a recent mopping,

stating that "you could tell maybe it was mopped." (*Id.* at 79:15–16.) As evidence of the recent mopping, Kling relied on his personal experience that "when you mop, you just see the swooshes . . . as it dries," and after his fall, Kling noticed such "swooshes" around the area where he slipped. (*Id.* at 81:3–7.) Kling's wife also testified that she heard the Menards employee say "there was a spill they had just mopped up." (Heather Kling Dep. 30:3–4, Sept. 24, 2014, Ex. D, ECF No. 25.)

Kling also submitted an affidavit in opposition to summary judgment that restates the above testimony. Menards argues that the Court should not consider that affidavit, but the Court need not address that issue because, even without the affidavit, the testimony from Kling and his wife create a genuine factual dispute as to the source of the puddle. Seen in the light most favorable to Kling, the evidence establishes that the puddle was the result of a spill or recently mopped floor. And this fact is material to the case; Menards will automatically prevail if a jury believes the natural accumulation of water caused the puddle, while Kling must convince a jury the opposite in order to avoid application of the natural accumulation doctrine. Because a factual dispute exists regarding the source of the puddle, the Court cannot yet determine whether the natural accumulation doctrine applies to bar Kling's recovery. Thus, the Court cannot grant summary judgment on this issue.

## B. Notice

Menards' second argument is that Menards had no notice of the hazardous condition and did not cause the hazardous condition through its negligence. Under Illinois law, a business owner is liable to an invitee who slips and fall on the premises if "(1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered." *Zuppardi,* 770 F.3d at 649. Menards argues that Kling has presented only speculation regarding the puddle's origin and whether Menards had notice of it. Thus, according to Menards, Kling has not met his burden in establishing that Menards' negligence caused the puddle or that Menards had notice of the puddle.

The evidence, however, is to the contrary. Kling and his wife both testified that a Menards employee stated that there was a recent spill that was mopped up in the area where Kling slipped. Additionally, Kling's personal observation regarding the "swooshes" left by a recent mopping corroborate the employee's statement. This evidence, viewed in the light most favorable to Kling, establishes that Menards had actual knowledge of a recent spill and took steps to try and clean it up. Kling also testified that there were no warning signs regarding a

recent mopping, and security video footage confirms no such signs before Kling slipped. This evidence, if believed, would allow a jury to infer that (1) Menards either caused the floor to be wet or at least knew of its wetness and (2) Menards took no steps to warn of the wet floor it either caused or knew about. This is sufficient evidence to send this case to a jury.

Menards relies primarily on *Zuppardi* in arguing for summary judgment, but that reliance is misplaced. In that case, the plaintiff failed to produce any evidence that Wal-Mart knew about or caused a spill on which the plaintiff slipped. *Id.* at 650–52. The plaintiff's only evidence that Wal-Mart caused the spill was speculation that the area where the spill occurred is an area that Wal-Mart employees likely passed on their way to restock water bottles. *Id.* at 650. No employee mentioned anything relating to a spill or about mopping up a recent spill. *See, id.* As for notice, the plaintiff presented exactly zero evidence that would allow a jury to infer that Wal-Mart had any notice of a wet floor. *See, id.* at 650–52. Based on this complete lack of evidence, the Seventh Circuit affirmed the district court's grant of summary judgment in favor of Wal-Mart. *Id.* at 652.

Unlike the plaintiff in *Zuppardi* who could only guess at what Wal-Mart knew, Kling has presented evidence that a Menards employee not only knew of a recent spill but also made an attempt to clean it up. Kling also directly observed the trappings of a

recent mop job, which constitutes circumstantial evidence that Menards knew of a spill and sought to clean it up. This is more than speculation; this is evidence that, if true, could go toward establishing Menards' liability.  Kling has come forward with sufficient evidence to create a genuine factual dispute regarding the source of the puddle and Menards' knowledge of it.  The Court therefore cannot grant summary judgment.

### IV. <u>CONCLUSION</u>

For reasons stated herein, Menards' Motion for Summary Judgment [ECF No. 25] is denied.

**IT IS SO ORDERED.**

                             Harry D. Leinenweber, Judge
                             United States District Court

Dated:4/2/2015